IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JAMES HUGH HENSON, JR., | : |
| Petitioner, | : |
| v. | : Civil Action No. 19-240-RGA |
| ROBERT MAY, Warden, and ATTORNEY GENERAL OF THE STATE OF DELAWARE, | : |
| Respondent. | : |

## **MEMORANDUM**

### I. BACKGROUND

In 1990, a Delaware Superior Court jury convicted Petitioner James Hugh Henson, Jr. ("Petitioner") of second degree attempted unlawful sexual intercourse and second degree unlawful intercourse. *See Henson v. State*, 608 A.2d 727 (Table), 1992 WL 21120, at *1 (Del. Jan. 15, 1992); (D.I. 7 at 82) The Delaware Superior Court sentenced him to two consecutive life sentences with parole eligibility. (D.I. 3 at 1) The Delaware Supreme Court affirmed Petitioner's convictions and sentences on direct appeal. *See Henson*, 1992 WL 21120, at *3.

In 1992, Petitioner filed in this Court a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 ("petition") challenging his 1990 convictions. *See Henson v. Snyder*, Civ. A. No. 92-099-SLR. The Honorable Sue L. Robinson denied the petition as meritless. (D.I. 7 at 82-85)

In February 2019, Petitioner filed a Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 challenging his 1990 convictions, contending that: (1) the trial court violated Delaware Superior Court Criminal Rules by permitting twenty-two separate and unrecorded sidebar conferences; (2) defense counsel provided ineffective assistance during all stages of

investigatory, trial, and appeal processes; and (3) Petitioner's right to confront his accuser was violated when the State offered the testimony of a FBI special agent who provided unsubstantiated testimony regarding a statistical analysis. (D.I. 3) Petitioner has also filed a Motion for Leave to Proceed *In Forma Pauperis* (D.I. 1) and a Motion to Appoint Counsel (D.I. 8)

## II. LEGAL STANDARDS

Pursuant to 28 U.S.C. § 2244(b)(3)(A), a petitioner must seek authorization from the appropriate court of appeals before filing a second or successive habeas petition in a district court. *See Burton v. Stewart*, 549 U.S. 147, 152 (2007); Rule 9, 28 U.S.C. foll. §2254. Notably, a petition for habeas relief is not considered to be "second or successive simply because it follows an earlier federal petition." *Benchoff v. Colleran*, 404 F.3d 812, 817 (3d Cir. 2005) Rather, a habeas petition is classified as second or successive within the meaning of 28 U.S.C. § 2244 if a prior petition has been decided on the merits, the prior and new petitions challenge the same conviction, and the new petition asserts a claim that was, or could have been, raised in a prior habeas petition. *See Benchoff*, 404 F.3d at 817; *In re Olabode*, 325 F.3d 166, 169-73 (3d Cir. 2003). If a habeas petitioner erroneously files a second or successive habeas petition "in a district court without the permission of a court of appeals, the district court's only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631." *Robinson v. Johnson*, 313 F.3d 128, 139 (3d Cir. 2002).

## III. DISCUSSION

The record in this case reveals that Petitioner's first petition was adjudicated on the merits, the instant Petition challenges the same 1990 convictions that were challenged in his first petition, and the instant Petition also asserts claims that could have been asserted in his first

petition. *See Murray v. Greiner*, 394 F.3d 78, 80 (2d Cir. 2005); *Benchoff*, 404 F.3d at 817-18. Therefore, the Court concludes that the instant Petition constitutes a second or successive habeas petition under 28 U.S.C. § 2244.

Since Petitioner did not obtain the requisite authorization from the Court of Appeals to file this successive habeas request,[1] the Court lacks jurisdiction to consider the Petition. *See* Rule 4, 28 U.S.C. foll. § 2254; *Robinson*, 313 F.3d at 139. In addition, the Court concludes that it would not be in the interest of justice to transfer this case to the Third Circuit, because nothing in the instant Petition comes close to satisfying the substantive requirements for a second or successive petition under 28 U.S.C. § 2244(b)(2). Given all of these circumstances, the Court will dismiss the Petition for lack of jurisdiction, and will dismiss the two pending Motions as moot.

## IV. CONCLUSION

For the reasons set forth above, the Court will summarily dismiss the instant Petition for lack of jurisdiction and the pending Motions as moot. The Court will also decline to issue a certificate of appealability because Petitioner has failed to make a "substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2); 3d Cir. L.A.R. 22.2 (2011); *United States v. Eyer*, 113 F.3d 470 (3d Cir. 1997). A separate Order will be entered.

May 10, 2019

UNITED STATES DISTRICT JUDGE

---

[1] *See* 28 U.S.C. §§ 2244(b)(3); Rule 9, 28 U.S.C. foll. §2254.